FRUGÉ, Judge
(dissenting).
I am unable to agree with the majority opinion in these two consolidated cases.
In these cases the trial court found as matters of fact, that Mrs. Walters drove her vehicle from the parking lot into the left travel lane of Main Street (a one-way street) well in advance of the Seven Up Bottling Company truck. Her left turn signal was on at all times thereafter. She proceeded thirty-odd feet to the corner of Main Street and Broadway and executed a left turn onto Broadway from the left lane (the turning lane) of Main Street. The Seven Up Bottling Company truck driven by Mr. Foot, was a following vehicle and was not in the process of passing the Walters’ vehicle. When Mrs. Walters had executed her turn into Broadway (leaving perhaps the extreme rear of her vehicle yet in Main Street) the truck skidded in the left lane of Main Street, turned left into Broadway Street, and struck the Walters’ vehicle there. From these facts the lower court concluded that the sole cause of the accident was the failure of Mr. Foot to timely observe the left turn signal of Mrs. Walters, to slow his vehicle to avoid striking her, and to maintain proper control over his truck.
The majority of this court, however, has substituted its own version of the occurrence in place of the findings of the trial court.
Based upon clear and professional photographs of the scene of the accident, in addition to the testimony of Mrs. Walters, Mrs. Ruby Hayes, and a professional photographer, the trial court concluded that the point of impact was at the intersection of Main and Broadway, but actually in Broadway Street. Yet the majority of this court overturns that finding, ignores all this evidence, adopts only the estimate of the investigating officer who believed the point of impact was slightly *452 more in Main Street than Broadway, and concludes that the accident occurred in Main Street.
The trial court accepted the testimony of Mrs. Walters and Mrs. Hayes, plus the testimony of an eye witness (to this much of the occurrence) and found that Mrs. Walters’ vehicle remained in the left lane of travel at all times, and did not go into the right-hand lane of Main Street before turning left onto Broadway. But contrary to this finding, and to the great weight of evidence, the majority selected the unsupported testimony of Mr. Foot, the driver of th$ Seven Up Bottling Company truck, and upon that basis alone, concluded that' Mrs. Walters had driven her car from the left lane of Main into the right-hand lane of travel and then cut back across the left lane directly in front of the Seven Up Bottling Company truck— all within a distance of thirty-odd feet.
Having set forth these findings, the majority of this court thereby concluded that Mr. Foot was not negligent in his operation of the truck and that the sole proximate cause of the accident was the negligence of Mrs. Walters. The trial court, however, found just the opposite.
In short, the great weight of the evidence supports the conclusions of the trial court in all particulars. I do not believe any manifest error can be found in its conclusions, and I do not believe that its findings of fact in this case should be reversed on the tenuous grounds which the majority of this court has chosen to do so.
If the trial judge is to serve any purpose other than merely to collect the facts and transcribe a record for the actual determination of the issues on appeal, then this court should accept those findings, unless they are manifestly erroneous.
For these reasons, I respectfully dissent in these consolidated cases.